**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MARK ALAN LANE, # 06503-028,

                Petitioner,

v.                                        Case Number:  19-cv-12012

J.A. TERRIS,

                Respondent.

_____/

**OPINION AND ORDER DENYING PETITIONER'S MOTIONS (ECF 4, 7, 11, and 13)**

**I.  INTRODUCTION**

This matter first came before the court on Petitioner Mark A. Lane's *pro se*
petition for the writ of habeas corpus under 28 U.S.C. § 2241. Petitioner is an inmate at
the Federal Correctional Institution in Milan, Michigan.  The court summarily dismissed
the petition without prejudice because Petitioner failed to show that a motion to vacate,
set aside, or correct the sentence under 28 U.S.C. § 2255 was an inadequate or
ineffective remedy for his claims and the claims, therefore, were not properly filed under
§ 2241. (*See* ECF No. 5.)

Now before the court are Petitioner's request to alter or amend the court's
judgment (ECF No. 7), request to proceed *in forma pauperis* on appeal (ECF No. 13),
requests to expedite and for appointment of counsel (ECF Nos. 4, 11), and request for
show cause order (ECF No. 2).  For the reasons explained, the court will deny the
motions.

## II.  DISCUSSION

Petitioner brings his motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e).  "The purpose of Rule 59(e) is to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings."  *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (quotations omitted).  "A district court may grant a Rule 59(e) motion to alter or amend if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice."  *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)).  A Rule 59 motion may not be used to relitigate issues of disagreement with the court's initial ruling. *See, e.g., Howard*, 533 F.3d at 475 (explaining that Rule 59(e) "allows for reconsideration; it does not permit parties to effectively 'reargue a case' "); *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) ("A motion under Rule 59(e) is not an opportunity to reargue a case.").

Plaintiff argues that relief under 59(e) is necessary because the court erred in finding that his petition was not properly filed under 28 U.S.C. § 2241.  Plaintiff maintains that his petition challenged the execution of his sentence – a proper basis for a § 2241 petition.  *See Taylor v. Owens*, 990 F.3d 493, 495 (6th Cir. 2021).  But this argument does not accurately reflect the claims raised in the petition.  Petitioner asserted his incarceration is unlawful based upon discrepancies between the orally pronounced sentence and the judgment of sentence which render the judgment void. That is, he challenged the imposition of his sentence and § 2241 is not the proper

vehicle for doing so.  Petitioner fails to demonstrate any basis for post-judgment relief and the motion will be denied.

Petitioner has filed an application to proceed *in forma pauperis* on appeal (ECF No. 13).  An appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).  The application to proceed *in forma pauperis* will be denied.

Petitioner's remaining motions (ECF Nos. 2, 4, 11), which ask the court to expedite consideration of his petition and Rule 59(e) motion, for appointment of counsel, and for a show cause order, are rendered moot by the court's decisions denying the petition and denying the Rule 59(e) motion.

### III.  CONCLUSION

Petitioner has failed to show that the court erred in summarily dismissing his habeas corpus petition.  Accordingly,

IT IS ORDERED that Petitioner's motion to alter or amend its judgment in this case (ECF No. 7) is DENIED.

IT IS FURTHER ORDERED that Petitioner's request to proceed *in forma pauperis* on appeal (ECF No. 13) is DENIED because an appeal could not be taken in good faith.  Finally, the Petitioner's requests to expedite consideration of his petition and Rule 59(e) motion, for appointment of counsel, and for a show cause order (ECF Nos. 2,  4, 11) are DENIED AS MOOT.

 S/Robert H. Cleland
 ROBERT H. CLELAND
 UNITED STATES DISTRICT JUDGE

Dated:  August 11, 2021

3

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 11, 2021, by electronic and/or ordinary mail.

 S/Lisa Wagner
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C3 ORDERS\19-12012.LANE.Deny59(e)AdditionalMotions.mbc.chd.docx